# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ANTRELL TEEN,**
**No. 461504,**

    Petitioner,

v.

**ST. CLAIR COUNTY JAIL,**

    Defendant.

No. 3:17–cv–00713-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

In June 2016, after a jury trial in St. Clair County, Illinois (Case No. 2014-cf-914) ("criminal case"), *pro se* Petitioner Antrell Teen was convicted on charges of aggravated battery with a weapon and first degree murder. Petitioner now stands convicted but not sentenced and seeks to challenge the constitutionality of his conviction pursuant to 28 U.S.C. § 2254.

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." After

carefully reviewing the petition, the Court concludes that this action must be dismissed.

## **CRIMINAL CASE**[1]

On December 23, 2015, Petitioner was arraigned in St. Clair County Circuit Court on a felony indictment. A jury convicted Petitioner of aggravated battery with a weapon and first degree murder in June 2016.[2] (Doc. 1, p. 1; Doc. 1, p. 19). To date, Petitioner has not been sentenced.

In January 2016, Petitioner filed a post-conviction motion with the circuit court. (Doc. 1, pp. 3, 20-37). The motion raised a number of issues, including due process, ineffective assistance of counsel, speedy trial, juror bias, inequitable tolling, and improper jury instructions. (Doc. 1, pp. 4, 20-37). The motion was dismissed as premature because Plaintiff had not yet been sentenced. (Doc. 1, pp. 4, 19). Petitioner filed a second post-conviction motion with the circuit court in July 2016, raising the same issues. (Doc. 1, p. 4). That motion appears to be pending. *Id.*

## **THE PETITION**

At the outset, Petitioner indicates that he has been without counsel for six months and has been waiting for sentencing for over a year. (Doc. 1, p. 7). He indicates that he has been writing letters to the circuit court and filing motions, to

---

[1] The following information is taken from the Petition and attached exhibits, as well as from the St. Clair County electronic docket sheet for Petitioner's criminal case.

[2] According to the Petition, the date of "trial or plea" was June 23, 2016 and the date of the judgment of conviction was June 25, 2016. (Doc. 1, p. 1). The electronic docket sheet indicates that a finding of guilty was entered on June 20, 2016.

no avail. *Id.* The referenced motions appear to be the motions discussed above, challenging various aspects of Petitioner's conviction. Petitioner provides no information regarding the letters he has written to the circuit court and does not claim that his sentencing is being delayed for any improper reason.

Petitioner raises four matters as potential grounds for relief: (1) Speedy trial (Doc. 1, p. 8); (2) ineffective assistance of counsel (Doc. 1, p. 10); (3) juror bias (Doc. 1, p. 12); and (4) violation of due process (described as including claims for speedy trial, inequitable tolling, ineffective assistance of counsel, juror bias, and improper jury instructions) (Doc. 1, p. 14).

## **LAW AND ANALYSIS**

There are two significant problems with allowing Petitioner to challenge the validity of his criminal conviction at this time. First, Petitioner has not yet exhausted his state court remedies and the record does not reflect any special circumstances that would warrant an exception to the exhaustion requirement. Second, the underlying criminal action is still pending and, absent special circumstances, this Court should not interfere. These issues are discussed more fully below.

### *Exhaustion*

Absent exceptional circumstances, a petitioner may not file a federal habeas petition until he has exhausted all means of available relief under state law. *See* 28 U.S.C. § 2254(b); *Baldwin v. Reese*, 541 U.S. 27, 29, (2004); *O'Sullivan v. Boerkel*, 526 U.S. 838, 839 (1999). Ordinarily, this will involve raising every issue

in the trial court, and appealing any adverse decisions to the Illinois Appellate Court and the Illinois Supreme Court. *See* 28 U.S.C. § 2254(b); *O'Sullivan*, 526 U.S. 838, 845 (1999); *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010).

In this case, Petitioner has been convicted and is awaiting sentencing. Although Petitioner has filed two post-conviction pleadings with the circuit court, he has not yet "invoked one complete round of the State's established appellate review process." *O'sullivan,* 526 U.S. at 845. Thus, absent exceptional circumstances (which do not appear to be present), the instant habeas petition is premature.

## *Abstention*

Aside from the issue of exhaustion, the abstention doctrine outlined in *Younger v. Harris*, 401 U.S. 37 (1971), directs that, absent special circumstances, this Court should abstain from interjecting itself into pending state judicial proceedings. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973); *Sweeney v. Bartow*, 612 F.3d 571 (7th Cir. 2010); *Brunken v. Lance*, 807 F.2d 1325, 1330 (7th Cir. 1986) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982)); *Neville v. Cavanaugh*, 611 F.2d 673, 675 (7th Cir. 1979). In fact, federal courts are required to abstain from enjoining such proceedings when they are "(1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate." *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002)

(citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 436-37 (1982) and *Majors v. Engelbrecht*, 149 F.3d 709, 711 (7th Cir. 1998)).

Special circumstances are generally limited to issues of double jeopardy and speedy trial. *Braden*, 410 U.S. at 489-92; *Sweeney*, 612 F.3d at 573. However, even where a petitioner has exhausted his state court remedies, the *Younger* doctrine permits federal habeas relief only where "immediate federal intervention is necessary to prevent the challenge [to the legality of the petitioner's custody] from becoming moot." *Sweeney*, 612 F.3d at 573

Because Petitioner has not yet been sentenced, the Court is satisfied that his criminal case is "pending" as it pertains to the *Younger* doctrine. Further, the Court finds no special circumstances that would warrant federal interference in Petitioner's pending criminal case. Here, although Plaintiff asserts a speedy trial violation, if one occurred, it is in the past. Petitioner has been tried and convicted. Thus, immediate federal intervention is not necessary to prevent this claim from becoming moot. It is subject to review but must first be reviewed by the state courts.

### *Sentencing Delay*

The Court is cognizant of Petitioner's comment regarding a delay in sentencing - approximately 15 months as of the filing of this Order. Such a delay could occur for any number of reasons and Petitioner does not allege any impropriety in connection with the delay. Moreover, the electronic docket in

Petitioner's criminal case indicates that motions have been taken under advisement, hearings have been scheduled and continued, and a hearing is currently scheduled for October 9, 2017. New counsel has been appointed. Thus, the criminal case appears to be progressing. Nonetheless, a 15 month delay is not insignificant. Thus, the Court pauses to consider whether such a delay might warrant an exception to the abstention doctrine or the exhaustion requirement.

At first glance, it seems a "speedy sentencing" claim (to the extent one is even being asserted) is similar to a speedy trial claim and might constitute a special circumstance warranting an exception to the *Younger* abstention doctrine. Last year, however, the Supreme Court unanimously held that the Sixth Amendment provides no guarantee of speedy sentencing. "[T]he [speedy trial] guarantee protects the accused from arrest or indictment through trial, but does not apply once a defendant has been found guilty at trial or has pleaded guilty to criminal charges." *Betterman v. Montana*, 136 S. Ct. 1609, 1612 (2016). "As a measure protecting the presumptively innocent, the speedy trial right—like other similarly aimed measures—loses force upon conviction." *Id.* at 1614. Absent such a right, it is difficult to see how a speedy sentencing claim could warrant immediate federal intervention.[3]

---

[3] The Court notes that *dicta* in *Betterman* left open the possibility that due process may protect against improper sentencing delays. *See Betterman,* 136 S. Ct. at 1619 ("For inordinate delay in sentencing, although the Speedy Trial Clause does not govern, a defendant may have other recourse, including, in appropriate circumstances, tailored relief under the Due Process Clauses of the Fifth and Fourteenth Amendments."). However, even in recognizing this possibility, the single justice advocating for this position stated such a "speedy sentencing" violation must have resulted in prejudice. *Id.* (Sotomayor, J. concurring).

A separate consideration is whether a delay in sentencing might warrant an exception to the exhaustion requirement. An exception to the exhaustion requirement is possible where circumstances exist that render the state corrective process ineffective to protect the prisoner's rights. 28 U.S.C. § 2254(b)(1)(B)(ii). One circumstance which might render state processes ineffective is "[i]nordinate, unjustifiable delay in a state-court collateral proceeding." *Jackson v. Duckworth*, 112 F.3d 878, 881 (7th Cir. 1997). For example, where a petition for post-conviction relief "had lain dormant for nearly three and one-half years," the Seventh Circuit found a basis to excuse the exhaustion requirement, unless the state could show that the delay was justified. *Lowe v. Duckworth*, 663 F.2d 42, 43 (7th Cir.1981). *See also Dozie v. Cady*, 430 F.2d 637, 638 (7th Cir. 1970) (17 months' delay inordinate); *Jackson*, 112 F.3d at 878–79 (stating in dicta that the state's failure to take any action on a post-conviction petition for more than five years could provide grounds for excusing the exhaustion requirement).

A delay in sentencing necessarily delays an individual's ability to pursue the state corrective process. Thus, an inordinate and unjustifiable delay in sentencing could conceivably implicate the above exception. However, in the instant case, the record does not suggest that the 15-month delay is excessive or unjustifiable. Thus, at this time, the Court finds no exceptional circumstances warranting an exception to the exhaustion requirement.

*Summary*

For the reasons described herein, the Petition shall be dismissed without prejudice to the claims being refiled, if necessary, after Petitioner has fully exhausted his claims in the state courts.

## **DISPOSITION**

For all the foregoing reasons, the Petition for a Writ of Habeas Corpus (Doc. 1) is **DISMISSED** without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Petitioner has not yet exhausted his state court remedies, and the ongoing adjudication of Petitioner's criminal case leads the Court to conclude that it should abstain from intervening in this pending matter.

Should Petitioner desire to appeal this Court's ruling, he must first secure a certificate of appealability, either from this Court or from the Seventh Circuit Court of Appeals. *See* FED. R. APP. P. 22(b); *see also* 28 U.S.C. § 2253(c)(1). Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While a Petitioner need not show that his appeal will succeed, Miller-El v. Cockrell, 537 U.S. 322, 337 (2003), he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Id.* at 338 (citation omitted). If the district court denies the

request, a petitioner may request that a circuit judge issue the certificate. *See* FED. R. APP. P. 22(b)(1)-(3).

For the reasons detailed above, the Court has determined that Petitioner is not entitled to relief at this time because he has yet to exhaust his state court remedies, and because Petitioner's criminal case is ongoing, the Court should abstain from intervening. Furthermore, the Court finds no basis for a determination that its decision is debatable or incorrect. Thus, Petitioner has not made "a substantial showing of the denial of a constitutional right."

**IT IS THEREFORE ORDERED** that a certificate of appealability shall **NOT** be issued. The Clerk is **DIRECTED** to enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

Digitally signed by Judge David R. Herndon
Date: 2017.10.02 11:17:31 -05'00'

**UNITED STATES DISTRICT JUDGE**